1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ALEJANDRO FLORES-PANSO,

10                                    Petitioner,                    Case No. C13-1923-TSZ-JPD

             v.

11

NATHALIE ASHER, Field Office Director,              REPORT AND RECOMMENDATION

12   Immigration and Customs Enforcement,

13                                    Respondent.

14

15                    I.  INTRODUCTION AND SUMMARY CONCLUSION

16          On October 25, 2013, *pro se* petitioner Alejandro Flores-Panso filed a proposed Petition

17   for Writ of Habeas Corpus and Request for Emergency Stay of Removal Under 28 U.S.C. §

18   2241, seeking a stay of removal so that he can challenge the determination that he is not eligible

19   under the Deferred Action for Child Arrivals ("DACA").  Dkt. 1-1.  He also asks the Court to

20   order the Board of Immigration Appeals ("BIA") to re-open his case or release him on bond

21   pending resolution of his DACA application.  Dkt. 7.  The Court granted a temporary stay of

22   removal pending resolution of the habeas petition.  Dkt. 3.  Respondent now moves to dismiss

23   the habeas petition and lift the temporary stay, arguing that the Court lacks jurisdiction.  Dkt. 9.

REPORT AND RECOMMENDATION - 1

1   For the reasons discussed below, the Court recommends that petitioner's proposed habeas

2   petition, Dkt. 1-1, be DENIED, respondent's motion to dismiss, Dkt. 9, be GRANTED, the

3   temporary stay of removal, Dkt. 3, be VACATED, and the case be DISMISSED with prejudice.

4                                      II.  BACKGROUND

5          Petitioner is a native and citizen of Mexico.  Dkt. 10-1 at 3.  On February 13, 2009, U.S.

6   Immigration and Customs Enforcement ("ICE") encountered petitioner in Arizona and arrested

7   him after determining that he was an alien who had illegally entered the United States.  *Id.*

8   Petitioner was processed for expedited removal, and an order of expedited removal was entered

9   the same day, charging petitioner as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) ("[A]ny

10  immigrant at the time of application for admission . . . who is not in possession of a valid

11  unexpired immigrant visa, re-entry permit, border crossing identification car, or other valid entry

12  document . . . is inadmissible.").  *Id.* at 5.  Petitioner was removed on or about February 14,

13  2009.  *Id.* at 8.

14         On April 5, 2010, ICE encountered petitioner again at the Grant County Jail in

15  Washington State after he was arrested on charges of Minor in Possession of Alcohol and

16  Operating a Vehicle.  *Id.*  ICE issued a notice of intent to reinstate the prior order of removal, and

17  on April 19, 2010, petitioner was removed for a second time.  *Id.* at 11-13.

18         On October 15, 2013, ICE encountered petitioner a third time, again at the Grant County

19  Jail where he was being held on a charge of Failure to Appear.  *Id.* at 15-17.  The following day,

20  ICE served petitioner with a notice of intent to reinstate the original order of removal, and also

21  determined that he did not meet the eligibility requirements for DACA.  *Id.* at 19, 24.

22         Petitioner was scheduled for removal on October 25, 2013, the same day he filed the

23  instant habeas petition and request for emergency stay of removal.  *See* Dkt. 1.  Other than the

REPORT AND RECOMMENDATION - 2

1   temporary stay of removal entered by this Court, Dkt. 3, there are no barriers preventing ICE

2   from removing petitioner back to Mexico, *see* Dkt. 9-1.

3   III.  DISCUSSION

4   A.   Petitioner's current detention

5   "[W]hen an alien subject to removal leaves the country, the removal order is deemed

6   executed.  If the alien reenters the country illegally, the order may not be executed against him

7   unless it has been 'reinstated' by an authorized official."  *Alcala v. Holder*, 563 F.3d 1009, 1013

8   (9th Cir. 2009) (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007)).  A

9   prior order of removal may be reinstated "[i]f the Attorney General finds that an alien has

10  reentered the United States illegally after having been removed or having departed voluntarily,

11  under an order of removal."  8 U.S.C. § 1231(a)(5).  Section 1231(a)(5) further provides that the

12  prior order of removal "is not subject to being reopened or reviewed, the alien is not eligible and

13  may not apply for any relief under this chapter, and the alien shall be removed under the prior

14  order at any time after the reentry ."  *Id.*  The District Director and the ICE Field Office Director

15  have discretionary authority to determine the custody status of aliens who are detained pending

16  removal.  *See* 8 C.F.R. § 241.8(f); 8 U.S.C. § 1231.

17  Here, petitioner makes no challenge to ICE's authority to detain him or the terms of his

18  detention.  Accordingly, the Court recommends petitioner's request for release from custody be

19  denied.

20  B.   Petitioner's challenge to his order of removal

21  The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), stripped

22  district courts of habeas jurisdiction over final orders of removal and vested jurisdiction to

23  review such orders exclusively in the courts of appeals.  8 U.S.C. § 1252.  Section 1252(a)(5)

REPORT AND RECOMMENDATION - 3

provides in relevant part that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Act.  8 U.S.C. § 1252(a)(5).  In addition, section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter."  8 U.S.C. § 1252(g) (emphasis added).  District courts thus lack jurisdiction over habeas petitions that seek judicial review of "any 'questions of law and fact' arising from an order of removal."  *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1080 (9th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(9)).

"A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act."  *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007).  Indeed, the Ninth Circuit has found that where an alien has been ordered removed from the United States, the district court lacks jurisdiction to hear his habeas petition challenging the denial of his adjustment-of-status application.  *Morales-Izquierdo*, 600 F.3d at 1083-85.

Here, petitioner challenges his final order of removal by asking the Court to direct the BIA to reopen his case and reassess his eligibility under the DACA.  *See* Dkts. 1-1, 7.  The reinstatement order to which petitioner is subject qualifies as an order of removal that can only be contested in a petition for review filed directly with the Ninth Circuit.  *See Morales-Izquierdo*, 600 F.3d at 1082; *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140-41 (9th Cir. 2008).  This Court also lacks jurisdiction over petitioner's claim that a stay of removal is warranted so that he can seek entitlement to DACA.  *See Morales-Izquierdo*, 600 F.3d at 1085.

REPORT AND RECOMMENDATION - 4

Because this Court is without jurisdiction to consider the merits of petitioner's habeas petition, it also lacks jurisdiction to stay petitioner's removal.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's proposed habeas petition, Dkt. 1-1, be DENIED, respondent's motion to dismiss, Dkt. 9, be GRANTED, the temporary stay of removal, Dkt. 3, be VACATED, and the case be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 10th day of February, 2014.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5